## Flanagan's Estate.

*Practice, O. C. —Commissioner—Evidence—Pedigree.*

Where, under an order of the orphans' court a commissioner has been sent abroad to take testimony as to who are decedent's next of kin, and the commissioner has made a return, and no objection is made as to the manner in which the power was executed by him, but the court on examination of the report finds that the testimony was confined only to relatives of decedent's father and in no way referred to relatives of decedent's mother, the court in its discretion may refer the matter back to the commissioner to go again abroad and examine witnesses relative to the issue. In such a case a party who has acquiesced in both orders and has not objected either to the form of the order, or the manner in which they were carried out, cannot subsequently object to the action of the court in recommitting the matter to the commissioner.

Argued Oct 28, 1903. Appeal, No. 58, Oct. T., 1903, by Ann B. Giles, from decree of O. C. Allegheny Co., May T., 1900, No. 188, dismissing exceptions to adjudication in estate of Michael Flanagan. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to adjudication.

*W. B. Rodgers*, for appellant.

*W. A. Way,* with him *Albert J. Walker* and *Alvin A. Morris,* for appellee, cited : Heaton v. Findlay, 12 Pa. 304 ; Lowry's Estate, 4 Pa. Dist. Rep. 691 ; Cot Co. v. Sternberger, 12 W. N. C. 290.

OPINION BY MR. JUSTICE FELL, January 4, 1904 :

This appeal is from an order of the orphans' court based on findings of fact in a proceeding to determine who were the next of kin of a decedent, and entitled to contest the writing presented for probate as his will. The assignments of error relate to the admission of depositions of witnesses taken by a commissioner by direction of the court, and to the findings of fact on which the order was made. The testimony taken in open court threw but little light on the subject of inquiry, since the decedent came to this country from Ireland fifty-two years before his death, when a mere child, and in the charge of a stranger to his blood, and had little if any knowledge of his kindred. In order to ascertain the facts, it was deemed necessary to examine witnesses residing abroad. On petition of the proponent, the court appointed a commissioner who was given power to summon witnesses in Great Britain and Ireland, to examine them, and to propound to them all interrogatories and cross-interrogatories attached to the commission. In the execution of this power, the commissioner did not confine himself wholly to the written interrogatories, but propounded questions of his own. To the making of this order all parties interested agreed, and no objection was made to the manner in which the power was executed. Upon an examination of the report of the commissioner, it was found that his attention had not been called to the collateral relatives of the decedent's mother, and no testimony had been taken on this branch of the inquiry, which was quite as important as that touching the collateral heirs of his father. The matter was then recommitted to the commissioner with direction to return to Ireland to make such investigations and take such testimony as the parties interested might offer or that he might discover relative to the issue, and he was authorized to use the interrogatories then on file or which might be filed, and to examine all persons whose names might be given him or that he might find. The only objection made to this order by the appellant was that it was unnecessary

to take further testimony, and that the expense of taking it would be an unjust burden on the estate. No objection was made to the form of the order nor to its scope, and interrogatories were filed by the appellant, and her counsel met the commissioner in Ireland and was afforded full opportunity to present additional testimony and to cross-examine witnesses. This order was executed in the same way in which the first order had been, but a greater mumber of witnesses were examined by questions put by the commissioner. On the return of the commission, no exceptions were taken to the manner of its execution.

The necessity for the taking of additional testimony was a matter wholly within the discretion of the court, which had to decide the issue raised. The recommitment to the commissioner was only a continuation of the original plan of securing testimony, which had been agreed to in the beginning. The enlarged powers given by the second order were not objected to, and the only difference in the execution of the orders was that under the second a greater number of witnesses were examined without written interrogatories. The appellant expressly agreed to or acquiesced in the action of the court and of the commissioner as long as the testimony produced thereby tended to establish her right. She could not close the inquiry thus pursued at the point most favorable to her, and she never had a standing to object to the taking of additional testimony for the information of the court. After this was completed in substantially the same manner in which testimony favorable to her claim had been secured, her objection was too late.

We should not, unless clearly convinced that the court was in error, disturb the findings of fact. There is nothing in the testimony that leads us to doubt even the correctness of the conclusion reached.

The decree of the court is affirmed at the cost of the appellant.